UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Sun Life Assurance Company
of Canada,
        Plaintiff

        v.                              Civil No. 09-cv-108-SM
                                        Opinion No. 2009 DNH 155
Lara Plaisted; Sarah Plaisted;
William L. Caron; and William L.
Caron Revocable Trust,
        Defendants


**O R D E R**


        This is an interpleader suit.  The factual record developed

before the court is limited, but it appears that James Plaisted

purchased an annuity contract in 1999 from Keyport Life Insurance

Company and designated one of the interpleader defendants,

William L. Caron, as the beneficiary.  Approximately three years

later, Plaisted changed the beneficiary from William L. Caron,

individually, to the William L. Caron Revocable Trust.

Plaintiff, Sun Life Assurance Company of Canada, later assumed

Keyport Life's obligations under that contract.


        Plaisted died in January of 2009, at which time the annuity

was valued at approximately $120,000.  Caron notified Sun Life of

Plaisted's death and Sun Life sent him (for the William L. Caron

Revocable Trust) information regarding settlement of the annuity.

Shortly thereafter, on or around February 19, 2009, Lara Plaisted

(one of the decedent's granddaughters and a named defendant in this action) notified Sun Life that she was seeking appointment as the executrix of her grandfather's estate and she planned to challenge distribution of the annuity to the Caron Trust in the Strafford County Probate Court.  The unmistakable implication of that notification was that the Plaisted Estate would claim entitlement to the proceeds of the annuity.  Then, on March 18, 2009, Attorney Michael Chubrich contacted Sun Life and, among other things, informed it of the following:

1. He represented the decedent's granddaughters, Lara and Sarah Plaisted, who were petitioning the Strafford County Probate Court to be appointed co-executrixes of the Estate of James B. Plaisted;

2. Based upon conversations with his clients, Attorney Chubrich believed that William Caron had abused the decedent's trust and wrongfully convinced the decedent to name him as the beneficiary of the annuity; and

3. Attorney Chubrich believed that Caron's alleged breach of trust, along with other factors (as explained in his letter), "will support the imposition of a constructive trust and will void the existing annuity beneficiary designation in favor of William Caron."

Exhibit B to defendants' memorandum (document no. 34-3).  It is, then, plain that the Plaisted sisters were claiming that the proceeds of the annuity belonged to the decedent's estate.  It is

equally plain that the Plaisted sisters were not asserting any direct, personal claim to those proceeds.

Faced with what seemed to be competing claims to the roughly $120,000 annuity, Sun Life filed this interpleader action, noting that it is merely a stakeholder and has no beneficial interest in the proceeds of the annuity (Count One).  Sun Life also sought declaratory relief resolving the interest (if any) of each named defendant in the proceeds of the annuity (Count Two).  Invoking the "probate exception" to federal subject matter jurisdiction, the named defendants then moved to dismiss the interpleader suit or, in the alternative, to stay it.  By prior order, the court denied that motion.  <u>Sun Life Assur. Co. v. Plaisted</u>, 2009 DNH 114 (D.N.H. July 27, 2009).  Defendants Lara and Sarah Plaisted (the "Plaisted Defendants") now move the court to reconsider that order.

On August 25, 2009, the court held a status conference, at which the parties presented oral argument on the pending motion to reconsider.  At that hearing, the court pressed the parties on an issue not previously addressed: Whether the court has diversity subject matter jurisdiction over this action, since it appears that all parties with viable claims to the proceeds of the annuity are residents of New Hampshire (i.e., Mr. Caron, the

Caron Trust, and the decedent's estate, as represented by the
Plaisted Defendants in their capacity as co-executrixes of the
estate).  At the close of the hearing the court granted Sun
Life's request for an opportunity to conduct additional research
and submit a supplemental legal memorandum on that issue.  Sun
Life availed itself of that opportunity and the Plaisted
Defendants have responded.  <u>See</u> Documents no. 33, 34, and 35.

    Having carefully considered the legal memoranda and
attachments submitted by the parties, the court concludes that it
lacks subject matter jurisdiction over this action and,
therefore, it must be dismissed.

**Discussion**

    As the court noted in its prior order, Sun Life's complaint
rests federal subject matter jurisdiction upon the provisions of
28 U.S.C. §§ 1335 (interpleader) and 1332 (diversity of
citizenship).  Federal jurisdiction over an interpleader action
is premised on diversity of citizenship, although complete
diversity is not required.  <u>See</u> <u>State Farm Fire & Casualty Co. v.
Tashire</u>, 386 U.S. 523, 530 (1967).  The existence of diversity in
an interpleader action is determined without regard to the
plaintiff-stakeholder's citizenship.  Rather, there is sufficient
diversity to support federal jurisdiction if claims are adverse

4

to the fund, the claims are adverse to each other, and at least
two of the claimants to the fund are citizens of different
states.  Id.

    Sun Life says that when it filed suit it was unclear whether
the Plaisted Defendants might raise claims to the proceeds of the
annuity on their own behalf or in their capacity a co-executrixes
of their grandfather's estate.  Specifically, Sun Life points out
that: (1) when it was first contacted by Lara Plaisted, she had
not yet been appointed co-executrix of the estate; (2) Sun Life
named the sisters individually as defendants in this action,
their attorney accepted service of process on their behalf, and
they never objected to being sued individually, rather than in
their capacity as co-executrixes; and (3) the Plaisted Defendants
filed a counter-claim against Sun Life, thus demonstrating the
legitimacy of Sun Life's fear that they might advance claims
against the fund.  And, because the Plaisteds are residents of
Canada and Caron is a resident of New Hampshire, Sun Life says it
appeared that the requisite minimal diversity existed among the
competing claimants to the fund.

    There are, however, two flaws in Sun Life's reasoning.
First, the counter-claim advanced by the Plaisted Defendants is
not a direct claim of entitlement to proceeds of the annuity, as

5

is required by 28 U.S.C. § 1335(a)(1).  Rather, the counterclaim
is based on Sun Life's alleged unfair and deceptive trade
practices, which the Plaisted Defendants say violated New
Hampshire's Consumer Protection Act, N.H. Rev. Stat. Ann. ch.
358-A.  Second, even if Sun Life actually believed that the
Plaisted Defendants would advance a direct, personal claim
against the annuity fund, that belief alone would not be enough.
It is well established that a "stakeholder must have real reason
to fear 'double liability or the vexation of conflicting
claims.'"  Metro. Property & Cas. Ins. Co. v. Shan Trac, Inc.,
324 F.3d 20, 23 (1st Cir. 2003) (quoting Indianapolis Colts v.
Baltimore, 741 F.2d 954, 957 (7th Cir. 1984)).  The Plaisted
Defendants, in their individual capacities, had no arguably
viable claim to the annuity proceeds, and did not assert one.
And, Sun Life has identified no actual or potential claim that
either might have asserted.


     For Sun Life to invoke the federal interpleader statute, its
fear of multiple claims or potential claims against the fund must
have some minimally legitimate basis in the law.  See generally 7
C. A. Wright, A. R. Miller & M. K. Kane, Federal Practice and
Procedure § 1704 (2d ed. 1995) ("Wright & Miller") ("the claims
alleged [or feared by the stakeholder] must meet a minimal
threshold level of substantiality.").  Legal or equitable claims

6

against the annuity proceeds asserted by the Plaisted Defendants in their individual capacities would not reach even that minimal level of substantiality — at least Sun Life has not suggested any potentially viable claim either granddaughter might assert.

The only parties with an arguably valid claim against the fund are residents of New Hampshire: Caron, the Caron Trust, and the decedent's estate.  <u>See</u> 28 U.S.C. § 1332(c)(2) (providing that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent").  Consequently, the requisite diversity of citizenship between the competing claimants to the annuity is lacking.  As a consequence, the court lacks subject matter jurisdiction over Sun Life's interpleader action and it must be dismissed.

Parenthetically, the court notes that even if it had subject matter jurisdiction over Sun Life's interpleader claim, it would still decline to grant Sun Life's request for interpleader relief.

> Interpleader is an equitable remedy.  And many courts have conditioned the grant of interpleader relief upon basic equitable doctrines.
>
> Thus courts have declined to grant interpleader relief, or have stayed consideration of a request for such

relief, when litigation in another court may obviate
the need for the equitable remedy of federal
interpleader.

Home Indem. Co. v. Moore, 499 F.2d 1202, 1205 (8th Cir. 1974)

(citations omitted) (cited by Equitable Life Assur. Soc. of the

U.S. v. Porter-Englehart, 867 F.2d 79, 83 (1st Cir. 1989)).  See

also 7 Wright & Miller § 1704 ("If the court determines that a

single action would not settle all the claims that are

outstanding among the parties or that a state action commenced

earlier provides an adequate remedy, then it may decide to deny

the motion to interplead.").


Moreover, as this court (DiClerico, J.) observed in an

analogous situation involving a petition for declaratory relief:

> Under the Declaratory Judgment Act, a federal court has
> "broad discretion to decline to enter a declaratory
> judgment." DeNovellis v. Shalala, 124 F.3d 298, 313
> (1st Cir. 1997) (following Wilton v. Seven Falls Co.,
> 515 U.S. 277, 287 (1995)).  As a result, "[i]n the
> declaratory judgment context, the normal principle that
> federal courts should adjudicate claims within their
> jurisdiction yields to considerations of practicality
> and wise judicial administration." Wilton, 515 U.S. at
> 288.  Therefore, a federal court may decline to
> exercise its otherwise valid jurisdiction to determine
> issues by declaratory judgment when the same issues are
> pending in a parallel state court action.  See
> DeNovellis, 124 F.3d at 313.

BFI Waste Systems v. Travelers Casualty & Surety Co., No. C-94-

507-JD (D.N.H. Oct. 6, 1999).  See also Brillhart v. Excess Ins.

8

<u>Co. of America</u>, 316 U.S. 491, 495 (1942) ("Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.  Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.").  <u>Diaz–Fonseca v. Puerto Rico</u>, 451 F.3d 13, 39 (1st Cir. 2006) ("The [Declaratory Judgment] Act neither imposes an unflagging duty upon the courts to decide declaratory judgment actions nor grants an entitlement to litigants to demand declaratory remedies.  Consequently, federal courts retain substantial discretion in deciding whether to grant declaratory relief.") (citations and internal punctuation omitted).

Those principles of comity and judicial restraint apply with equal force in this case.  According to Caron and the Plaisteds, an action is currently pending in the Strafford County Superior Court that will resolve the competing claims to the annuity by the Caron Trust and the decedent's estate (docket no. 219–2009–CV–00222, "Petition to Impose Constructive Trust").  And, counsel for defendants have both expressed a strong preference for resolving their clients' dispute(s) in the pending state court action.  Consequently, even if the court did have subject matter jurisdiction over this interpleader action, considerations of

equity, comity, and judicial efficiency, as well as the efficient
use of the litigants' resources, would counsel in favor of
declining to exercise that jurisdiction.  (There is, of course,
no obstacle at all to Sun Life's interpleading the funds in the
New Hampshire Superior Court.)


### Conclusion

The Plaisted Defendants' motion to reconsider (document no.
24) is granted.  Now, having reconsidered the matter, the court
concludes that it lacks subject matter jurisdiction over Sun
Life's interpleader action.  The documents and information
provided to Sun Life <u>before</u> it filed this interpleader action
made it clear that the Plaisted Defendants are pursuing claims
against the annuity solely in their capacity as co-executrixes of
their grandfather's estate; they are not pursuing any claims in
their individual capacities.  At the recent hearing, counsel for
the Plaisted Defendants reiterated that point.  Moreover,
independent of the manner in which the Plaisted Defendants and
their attorney describe their claims, as a matter of law the only
parties with legitimate, viable legal claims to the proceeds of
the annuity are the Caron Trust (the designated beneficiary) and
the decedent's estate.  The Plaisted sisters have no claim
<u>against the annuity</u> in their individual capacities.  That they

10

may have (or believe that they have) other legal claims <u>against</u>
<u>Sun Life</u> does not implicate the interpleader statute.


Because the claimants to the fund are all residents of New
Hampshire, diversity subject matter jurisdiction is lacking.  Sun
Life's complaint is, therefore, dismissed.  The remaining pending
motions (docket nos. 26 and 32) are denied as moot.


Finally, because Caron and the Plaisted Defendants have made
it abundantly clear that they prefer to litigate all claims
relating to the annuity in state court, their counterclaims and
cross-claims are dismissed without prejudice.  If they intend to
pursue those claims, they shall: (1) notify the court of their
intention to do so within 10 days of this order; and (2) within
30 days, submit a legal memorandum demonstrating that this court
may properly exercise subject matter jurisdiction over those
counterclaims and cross-claims (a questionable proposition, at
best).  <u>See generally</u> <u>Prudential Ins. Co. of America v. Hovis</u>,
553 F.3d 258 (3d Cir. 2009) (holding that in order to pursue a
counterclaim in an interpleader action, a counterclaim plaintiff
must demonstrate that his or her claim is "truly independent" of
the underlying dispute over entitlement to the interpleaded
funds).  <u>See also</u> <u>Holmes Group, Inc. v. Vornado Air Circulation</u>
<u>Systems</u>, 535 U.S. 826 (2002) (holding that if a court lacks

subject matter jurisdiction over claim advanced in plaintiff's complaint, counterclaims cannot vest court with subject matter jurisdiction).

The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

October 15, 2009

cc:  Byrne J. Decker, Esq.
     Michele E. Kenney, Esq.
     Michael E. Chubrich, Esq.
     Stephan P. Parks, Esq.